UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA
Western Division

**U.S.A. vs. Edward Lawrence Morrill**       **Docket No. 5:03-CR-237-1H**
**Petition for Action on Supervised Release**

COMES NOW John A. Cooper, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of, Edward Lawrence Morrill, who, upon an earlier plea of guilty to 18 U.S.C. § 228(a)(3) Failure To Pay Child Support, was sentenced by the Honorable Malcolm J. Howard, Senior U.S. District Judge on October 8, 2014, to the custody of the Bureau of Prisons for a period of time until November 3, 2014, however, earlier release was authorized should appropriate placement at a residential reentry center/halfway house be arranged by the probation office. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 12 months under the standard conditions of supervision and the following special conditions:

1. While under supervision in the Eastern District of NC, the defendant shall participate in the DROPS Program and, in response to detected illegal drug use, shall be confined in the custody of the Bureau of Prisons for a period not to exceed 30 days of intermittent confinement, as arranged by the probation office, in the following increments: First Use - Two Days; Second Use - Five Days; Third Use - Ten Days;

2. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

3. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

4. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

5. The defendant shall undergo placement in a residential reentry center for a period of 180 days as arranged by the probation office and shall abide by the conditions of that program during said placement.

6. The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of his/her, person and premises, including any vehicle, to determine compliance with the conditions, of this judgment.

Edward Lawrence Morrill was released from custody on November 3, 2014, at which time the term of supervised release commenced.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On November 3, 2014, the defendant was released from custody and began the 180 day placement at Bannum Place Residential Re-Entry Center in Wilmington, NC. Since his release, he has been unable to work because of severe cataracts in each eye rendering him unable to see well enough to live independently. While at the RRC, the probation office facilitated treatment services for the defendant

Edward Lawrence Morrill
Docket No. 5:03-CR-237-1H
Petition For Action
Page 2

via NC Services of the Blind, who approved and paid for two surgeries to remove the cataracts. The defendant is now able to see well enough to resume normal living activities, but is very limited due to lack of familial ties to the area or other resources. He has immediate family members that live in Arvada, Colorado and are willing to have the defendant come live with them. The United States Probation Office for the District of Colorado has investigated the proposed residence plan and has agreed to accept his case for supervision in their district. As such, it appears the original condition requiring the defendant to serve 180 days at a Residential Re-Entry Center is no longer needed, and it is recommended the court strike this condition and allow the defendant to be released and relocate to Colorado.

In addition, we are also recommending that jurisdiction be transferred to the district of Colorado so that any issues that may arise during the remaining period of supervision can be addressed by their court.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The condition requiring the defendant to serve 180 days at a residential reentry center as arranged by the probation officer shall be stricken. The defendant shall remain at Bannum Place until transportation to Colorado can be arranged. His release is approved upon the condition that he move immediately to Colorado and resume supervision by the United States Probation Office for the District of Colorado.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Robert L. Thornton
Robert L. Thornton
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.
/s/ John A. Cooper
John A. Cooper
U.S. Probation Officer
2 Princess Street Suite 308
Wilmington, NC 28401-3958
Phone: 910-679-2046
Executed On: March 16, 2015

### ORDER OF THE COURT

Considered and ordered this 17th day of March, 2015 and ordered filed and made a part of the records in the above case.

_____
Malcolm J. Howard
Senior U.S. District Judge